# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH TREMBLAY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 15-11678-DJC |
| MOHEGAN SUN CASINO, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                        May 7, 2015

For the reasons stated below, the Court dismisses this action.

Elizabeth Tremblay ("Tremblay") has filed an action in which she claims that her former employer, Mohegan Sun Casino, discriminated against her on the basis of race. She states in her complaint that she "[f]iled in CT, then it went to NY and never got heard." Compl. (D.1 at 2). The plaintiff asserts that "[e]veryone should have a right to be heard on this matter." Id. Tremblay attached to her complaint a copy of what appears to be an April 21, 2015 newspaper article about her earlier-filed case. The article states that Tremblay filed an employment discrimination claim in 2012, a district court dismissed the claims based on the sovereign immunity of the Mohegan Tribe and the United States Court of Appeals for the Second Circuit affirmed the dismissal. See Compl. (D. 1 at 3).

A search of the Federal Judiciary's Public Access to Court Electronic Records (PACER) service confirms the article's summary of the case the plaintiff filed in the District of Connecticut and appealed to the Second Circuit. See Tremblay v. Mohegan Sun Casino, C.A. No. 12-00427 (D. Conn.), aff'd, App. No. 14-2031-cv (2d Cir.). The district court dismissed the action on the ground that it lacked subject matter jurisdiction because the Mohegan Tribe enjoyed sovereign immunity, and the Second Circuit affirmed on the same ground. See id.

1

Tremblay cannot relitigate her case in the District of Massachusetts. "Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action." Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005) (quoting Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996)). The doctrine of res judicata applies to jurisdictional questions, including those of subject matter jurisdiction. See Underwriters Nat'l Assur. Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n, 455 U.S. 691, 706 (1982); Muniz Cortes v. Intermedics, Inc., 229 F.3d 12, 14 (1st Cir. 2000). The Court cannot exercise subject matter jurisdiction over Tremblay's claim where other federal courts have already determined that the defendant enjoys sovereign immunity in regards to the same claim.

Accordingly, this action is DISMISSED for lack of subject matter jurisdiction. The motion for leave to proceed *in forma pauperis* shall be terminated as moot. No filing fee is due.

**So ordered.**

/s/ Denise J. Casper
United States District Judge